IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

OZZIE WATSON, JR.                      *

      Plaintiff,                    *

vs.                                    *
                                        CASE NO. 4:05-CV-007 (CDL)
NORMAN Y. MINETA, Secretary,           *
Department of Transportation,
                                 *

      Defendant.                    *

## O R D E R

Presently pending before the Court is Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (Doc. 37). For the following reasons, Defendant's motion is granted.

### BACKGROUND

On January 1, 2005, Plaintiff, Ozzie Watson, Jr., filed this action claiming that the Federal Aviation Administration ("FAA") violated the Privacy Act. 5 U.S.C. § 552a. This Privacy Act claim arises out of a 1988 claim for discrimination against the FAA. On October 5, 2006, the Court entered an Order granting summary judgment to Defendant on all of Plaintiff's claims for damages under the Privacy Act.

Plaintiff's only remaining claim is a claim for injunctive relief. Specifically, Plaintiff asks this Court to "[o]rder the [FAA] to remove all documents from the plaintiff['s] facility personnel files or any folders that are in violation of the Privacy

Act." (Compl. ¶ 30(c).) Defendant subsequently filed his Motion to Dismiss, or Alternatively, for Summary Judgment arguing that (1) Plaintiff's claim for equitable relief is moot, and (2) Plaintiff failed to exhaust his administrative remedies. Because Plaintiff's claim is moot, Defendant's motion is granted.

DISCUSSION

## I. Standing – Mootness

"Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was filed." *KH Outdoor, L.L.C. v. Clay County, Fla.*, 482 F.3d 1299, 1302 (11th Cir. 2007) (quotation marks and citation omitted). "The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). *Id.* (quotation marks and citation omitted). In other words, "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003) (quotation marks and citation omitted).

Here, Plaintiff has asked for injunctive relief under the Privacy Act. 5 U.S.C. § 552a(d)(3). Specifically, Plaintiff requests that the FAA remove from his personnel file and folders any documents which violate the Privacy Act. Since the FAA has amended

2

Plaintiff's personnel file by removing the documents Plaintiff contends violate the Act,[1] Plaintiff's claim for injunctive relief is moot. *See, e.g., Brown v. United States Dep't of Justice*, 169 F. App'x 537, 540 (11th Cir. 2006) ("To the extent that [the plaintiff] challenges the denial of access to records under the [Privacy Act], that claim is moot, as the agency released the documents."). Consequently, Defendant's motion is granted and Plaintiff's claim for injunctive relief is dismissed.

## II. Failure to Exhaust Administrative Remedies

If Plaintiff's claim were not moot, dismissal would still be appropriate because Plaintiff has failed to exhaust his administrative remedies under 5 U.S.C. § 552a(d)(3). Preliminarily, the Court notes that Plaintiff is confused as to what provisions provide for injunctive relief under the Privacy Act. "The Privacy Act expressly provides for injunctive relief for only two types of agency misconduct, that is, wrongful withholding of documents under subsection (d)(1) and wrongful refusal to amend an individual's record under subsection (d)(3)." *Clarkson v. Internal Revenue Serv.*, 678 F.2d 1368, 1375 n.11 (11th Cir. 1982). "The remedy for violations of all other provisions of the Act is limited to recovery of damages upon a showing that the agency acted in an intentional or

---

[1]*See generally*, Wayland Decl., Oct. 17, 2006; Mahurin Decl., Oct. 19, 2006. Plaintiff has moved to strike the declarations of Stan Wayland and Michael Mahurin (Doc. 45), claiming (1) the declarations are not based on personal opinion, and (2) that the declarations give a legal conclusion. Plaintiff's motion (Doc. 45) is denied.

3

willful manner." *Id.* Thus, Plaintiff's only remaining Privacy Act claim is under 5 U.S.C. § 552a(d)(3). All of Plaintiff's other claims under the Privacy Act were for damages and were dismissed pursuant to the Court's October 5, 2006, Order granting summary judgment.

Plaintiff admits that 5 U.S.C. § 552a(d) requires exhaustion, but claims that he did exhaust his administrative remedies when he wrote a letter to the FAA on June 16, 2004. (Pl.'s Resp. to Def.'s Mot. to Dismiss or Alternatively, for Summ. J. Ex. A. [hereinafter "June 16 Letter"].) In this letter, Plaintiff states that the FAA has "created a hostile and offensive work environment," and that he has been the victim of "retaliation, reprisal, harassment intimidation and misconduct from the FAA." (June 16 Letter 1.) Plaintiff then contends that the FAA violated the Privacy Act by having certain enumerated documents in his personnel file (*Id.* at 2) and states:

> I would like to resolve <u>all</u> of these issues with the FAA without going to Federal Court. I believe we can resolve these issues in a <u>fair</u> and timely manner. I am requesting the manager position at Columbus Tower when Tom Forney vacate the position, the base salary I would have receive if I was still at Memphis Center, moving expenses, attorney fee, contingency fee and a settlement offer for the list of violations below. I am requesting to resolve these matters within 30 days.

(June 16 Letter 2 (emphasis in original).) The "list of violations below" that Plaintiff refers to is a list of alleged Privacy Act and Civil Rights Act violations. At no time did the Plaintiff request

4

that the FAA remove any documents from his file or amend his file. Consequently, since Plaintiff failed to exhaust his administrative remedies by requesting amendment of his file, dismissal is appropriate for this reason, also.

CONCLUSION

Defendants' Motion to Dismiss (Doc. 37) is hereby granted, and Plaintiff's Motion to Strike (Doc. 45) is denied. The Court also rejects Plaintiff's request to revisit Plaintiff's claims for damages under the Privacy Act.

IT IS SO ORDERED, this 22nd day of October, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
